# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALLISON P. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO: 2:18-cv-00870-ECM-WC |
| | ) |
| TOMMY GLASSCOCK, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S TRIAL BRIEF ON THE ISSUE OF DAMAGES

COMES NOW Tommy Glasscock, Defendant in the above-styled cause, and pursuant to the Court's Order on Pretrial Hearing (Doc. 58) submits the following trial brief on the issue of damages:

The remaining claims in this case are under 42 U.S.C. § 1983 for alleged violation of the Plaintiff's 14th Amendment equal protection rights and state law for alleged assault and battery. (Doc. 48, pp. 21-22; Doc. 58, pp. 2, 9).

### I. 42 U.S.C. § 1983, Alleged Violation of the 14th Amendment.

"Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United

1

States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Hostile work environment sexual harassment, which Smith claims here, may be established only where the alleged offensive conduct was so severe or pervasive as to alter her working conditions. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 743, 118 S. Ct. 2257, 2259, 141 L. Ed. 2d 633 (1998). "The prohibition of harassment on the basis of sex requires neither asexuality nor androgyny in the workplace; it forbids only behavior so objectively offensive as to alter the 'conditions' of the victim's employment." *Oncale v. Sundowner Offshore Servs.*, Inc., 523 U.S. 75, 81, 118 S. Ct. 998, 1003, 140 L. Ed. 2d 201 (1998). "Because the law does not impose a 'general civility code for the American workplace' [an] isolated comment, although offensive and inappropriate, does not satisfy the severe or pervasive requirement." *Demmons v. Fulton Cty.*, No. 1:09-CV-2312-TWT-WEJ, 2010 WL 3418325, at *15 (N.D. Ga. Aug. 2, 2010) (quoting *Oncale v. Sundowner*). Smith can recover damages under § 1983 only if she proves by a preponderance of evidence that Glasscock intentionally used his authority as a state employee to create a working environment with sex-based harassment so severe and pervasive that it altered the terms and conditions of Smith's employment.

Smith seeks compensatory and punitive damages, back pay and other pecuniary losses. (Doc. 58, p. 9) "[C]ompensatory damages under § 1983 may be awarded only

based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis in original, citations omitted). Smith settled her claims against the Chilton County Board of Education, including claims under the Equal Pay Act and Fair Labor Standards Act. (Doc. 36). The Court previously granted a summary judgment in favor of Glasscock for the Plaintiff's FLSA and EPA claims and state law claims for breach of contract, quantum meruit, unjust enrichment, invasion of privacy and outrage. (Doc. 48, p. 21). Smith has therefore already been compensated by the Board of Education for any lost wages and the Court held that Glasscock did not have authority under Alabama law to give Smith the relief she seeks. (Doc. 48, p. 12). Back pay and any other claims related to compensation are not proper elements of damages.

Smith also is not entitled to an award of punitive damages against Glasscock because there is no evidence Glasscock's actions were caused by evil motive, evil intent, or done with reckless or callous indifference. A plaintiff is only entitled to punitive damages under § 1983 when the "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56, 103 S. Ct. 1625, 1640, 75 L. Ed. 2d 632 (1983). The Supreme Court set a high

standard for plaintiffs to recover punitive damages which Smith's evidence in this case does not meet.

Smith worked as Glasscock's secretary from February 2015 until April 2017. (Smith Depo., p. 16, ln. 19 - p. 17, ln. 11; p. 18, ln. 19; p. 19, ln. 2). Glasscock proposed that the School Board create a personnel manager position and place Smith in that job with increased pay. When the Board declined to create the position, Smith refused to perform some duties she had been assigned that she believed were beyond her secretarial duties. Yet, Smith continued to receive the same salary each month and her pay was never reduced nor was she disciplined for refusing to do other duties. Glasscock never proposed to the Board that Smith be terminated or demoted. Smith resigned from her employment with the Chilton County Board voluntarily. The evidence does not establish Glasscock acted with evil intent or motive, rather it shows the opposite. Even if the jury finds that Glasscock made inappropriate comments to Smith or in her presence and hugged her, inappropriate comments or even flirtatious advancements do not rise to the level of evil motive, evil intent, or reckless or callous indifference to federally protected rights. There is no basis for punitive damages. *See Murdoch v. Medjet Assistance, LLC*, 294 F. Supp. 3d 1242, 1263 (N.D. Ala. 2018) ( finding that 7 to 10 unwanted, full-body hugs over the span of 6 to 7 months, which the plaintiff did not contend "ever went beyond that into rubbing, groping, or some

other more sexually-aggressive touching" failed to present evidence from which a reasonable jury could conclude that the hugs were objectively severe, physically-threatening, or humiliating.)

## II. Assault & Battery.

Smith claims that Glasscock hugged her three times, which she described as "just a pull-in. Just a hug." (Smith Depo., p. 116, ln. 4-21). The Court previously ruled that Smith's sworn testimony was sufficient to create a fact issue only as to whether the final alleged hug was unwanted. (Doc. 48, p. 17). On the prior occasions, Smith even hugged Glasscock back. He never said anything inappropriate to her on any of the alleged occasions. (Smith Depo., p. 118, ln. 1-17). Smith never asked Glasscock not to hug her. (Smith Depo., p. 119, ln. 7 - p. 120, ln. 12). Glasscock never groped her or touched her inappropriately in any way. (Smith Depo., p. 119, ln. 7 - p. 120, ln. 12). She was never offended when Glasscock hugged her. (Smith Depo., p. 187, ln. 3-5).The hugs are the only basis for Smith's allegations of assault and battery. (Smith Depo., p. 123, ln. 19-22). She was never in fear Glasscock was going to strike her physically. (Smith Depo., p. 152, ln. 16-19).

There is no evidence Smith incurred any medical expenses, lost wages, or other actual damages of any nature as a result of the purported assault and battery. Nor does Smith's testimony substantiate any claim for pain and suffering or mental anguish.

In general, punitive damages in a tort action are only recoverable where it is "proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." § 6-11-20, Alabama Code (1975). "[T]he longstanding rule of this jurisdiction requires that particularized circumstances of aggravation or insult appear in cases of assault and battery if punitive damages are to be properly awarded." *Peete v. Blackwell*, 504 So. 2d 222, 223 (Ala. 1986). "Under Alabama law, a plaintiff may be awarded punitive damages on an assault and battery claim only where the plaintiff shows by clear and convincing evidence that the assault and battery was coupled with an insult or other circumstances of aggravation or shows by clear and convincing evidence that the defendant consciously or deliberately engaged in the kind of activity mentioned in § 6–11–20." *Delchamps, Inc. v. Morgan*, 601 So. 2d 442, 444 (Ala. 1992).

Smith's prior sworn testimony does not establish any actual damages as a result of alleged assault and battery, nor any basis for punitive damages. Any recovery for the assault and battery claim should be limited to nominal damages.

/s/ Clay R. Carr
Mark S. Boardman (ASB-8572-B65M)
Clay R. Carr (ASB-5650-C42C)
BOARDMAN, CARR, PETELOS, WATKINS,
  & OGLE, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone:  (205) 678-8000
Facsimile:  (205) 678-0000

***Attorneys for Defendant Tommy Glasscock***

## CERTIFICATE OF SERVICE

      I hereby certify that on **November 2, 2020**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Sonya C. Edwards, Esq.<br>EDWARDS LAW, LLC<br>3900 Montclair Road<br>Suite 1 # 130937<br>Birmingham, Alabama 35213<br>sonya@sonyaedwardslaw.com | Terrell McCants, Esq.<br>BURRELL & MCCANTS, LLC<br>712 32nd Street South<br>Birmingham, Alabama 35233<br>terrell@burrellmccants.com |

/s/ Clay R. Carr
OF COUNSEL

7