IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALLISON P. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:18-cv-870-ECM |
| | ) | (WO) |
| TOMMY GLASSCOCK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDOM OPINION AND ORDER**

**I.    INTRODUCTION**

In the post-notice pleading era, pretrial management does "away with [the] old sporting theory of justice and substitute[s] a more enlightened theory of putting the cards on the table, so to speak, and keeping surprise tactics down to a minimum." *In re Novak*, 932 F.2d 1397, 1403 (11th Cir. 1991) (citing *Clark v. Pennsylvania R.R.,* 328 F.2d 591, 594 (2nd Cir. 1964)).  After several opportunities to lay all her cards on the table, Allison Smith ("Plaintiff") argued at a conference—days before the trial itself—that she still had a card in her hand that neither the Court nor Tommy Glasscock ("Defendant") knew about. Her final card was a § 1983 Equal Protection wage discrimination claim that she claimed to have pled and later preserved in the pretrial order.  This came as a surprise to both the Court and the Defendant.  When the Plaintiff tried to lay this final card on the table, the Court explained that her § 1983 wage discrimination claim had never been pled in her complaint, and, even if it had, the time for making the Court aware of it had passed.  The

Court, therefore, declined to permit Smith an opportunity to try a § 1983 wage discrimination claim that had not been pled. On November 20, 2020, Allison Smith filed a motion asking this Court to reconsider its "dismissal" of her § 1983 wage discrimination claim, (doc. 102), which Tommy Glasscock argues was never pled, (doc. 104). The Court stands by its ruling. For the following reasons, the Plaintiff's motion to reconsider is DENIED.

## II. STANDARD OF REVIEW

Motions for reconsideration are extraordinary remedies and therefore should be used sparingly. *Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, 2016 WL 7486722, at *1 (S.D. Fla. Aug. 12, 2016). Fed. R. Civ. P. 54(b) states "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." This has been understood to give the district court "plenary power" over its interlocutory orders. *Barnes v. S. Elec. Corp. of Mississippi*, 2020 WL 5503641, at *2 (M.D. Ala. Sept. 11, 2020) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000)). Therefore, at its discretion, a court can modify or vacate non-final orders at any point before final judgment. *Spellman v. Haley*, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) (citing Fed. R. Civ. P. 54(b)). Because Rule 54(b) provides an avenue to challenge the finality of a court's orders, reconsideration "is appropriate only in very limited circumstances . . . ." *Cobra Int'l, Inc.*, 2016 WL 7486722, at *1.

Fed. R. Civ. P. 54(b) does not specify grounds for considering a motion for reconsideration of non-final orders. Instead, courts grant motions for reconsideration upon

a showing of good cause. *McGuire v. Murphy*, 285 F. Supp. 3d 1272, 1278 (M.D. Ala. 2018)*; see also Chapman v. AI Transport*, 229 F.3d 1012, 1023–24 (11th Cir.2000).  Like circumstances justifying relief under Fed. R. Civ. P. 59(e) or 60, in the past, courts have recognized an intervening change in controlling law, the need to correct clear error, preventing manifest injustice, or ensuring the efficient deposition of the case as appropriate reasons  for a court to modify its non-final orders. *Id*.  Motions for reconsideration may not present "new legal theories or raise legal arguments that could have been raised previously." *In re Employment Discrimination Litig. Against State of Alabama*, 2006 WL 2841081, at *1 (M.D. Ala. Oct. 2, 2006).  The movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived. *See McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1223 (S.D.Ga.1997).

## III.    FACTS

The Plaintiff originally filed a complaint in this case on October 9, 2018. (Doc. 1). She brought twelve causes of action against the Chilton County Board of Education, Tommy Glasscock, and the seven members of the Chilton County Board of Education individually. (*Id*.).  Four counts were exclusively against the Board of Education; seven counts were alleged against "all defendants"; and two counts were brought solely against Glasscock. (*Id*.).  In the "Section 1983 – Fourteenth Amendment (Equal Protection)" claim,

the Plaintiff pled that "[d]efendants denied Plaintiff equal protection to be free from discrimination and harassment in the workplace." (*Id.* at 26).[1]

On December 5, 2019, the Chilton County Board of Education and all the individual board members were dismissed upon joint stipulation by the parties. (Doc. 36).  Thereafter, the only claims that remained were against Glasscock.

On January 6, 2020, Glasscock moved for summary judgment on claims asserted against him individually and those against "all defendants," which included Glasscock.  So the Defendant moved for summary judgment on Equal Pay Act ("EPA"), Fair Labor Standards Act ("FLSA"), Breach of Contract, Quantum Merit, Unjust Enrichment, the Tort of Outrage, § 1983 Fourteenth Amendment (Equal Protection), and the Invasion of Privacy and Assault and Battery claims against Glasscock individually.  (Doc. 38).  In response to the § 1983 Equal Protection claims, the Defendant argued the "supervisory authority over the Plaintiff does not convert the alleged sexual harassment into state action." (Doc. 39 at 17; *see generally* 16–19).

On May 8, 2020, this Court issued its order on the motion for summary judgment. (Doc. 48).  In that order, the Court dismissed all the claims except the § 1983 Fourteenth Amendment Equal Protection claim and the state assault and battery claims.  The Court dismissed the pay related claims on the basis that Glasscock was sued in his personal capacity and, therefore, could not be held liable under the FLSA or EPA as an employer. (*Id.* at 6–8).  However, the Court found that there was "sufficient evidence to support a

---

[1] References to page numbers will be to those generated by CM/ECF.

finding that Glasscock abused the authority given to him by the State to harass Smith." (*Id.* at 11).  The Court later noted that Smith's argument for "gender discrimination . . . is unclear," but it "appears to arise from her Equal Protection violation theory," which the Court clarified is "premised on sexual harassment." (*Id.* at 19, n.2).  The Court concluded the Equal Protection claim against Glasscock in his individually capacity proceeded "on the basis of sexual harassment . . . ." (*Id.* at 22).

On May 21, 2020, the Court conducted a pretrial conference with the Parties and entered an order on the pretrial hearing the same day. (Doc. 58).  In that order, the Plaintiff described her § 1983 Fourteenth Amendment Equal Protection claim as "unlawful discrimination and harassment because of sex." (*Id*. at 2).  And in the same order, the Defendant explained, "[t]he claims against Glasscock in this trial are for sexual harassment in violation of the Plaintiff's right to equal protection . . . ." (*Id.* at 10).

On November 10, 2020—just days before the November 16 trial date—the Court conducted a conference to discuss outstanding motions and trial procedure in light of the COVID-19 pandemic.  At that hearing, the Court noted that after reviewing the pretrial submissions it appeared as though the Plaintiff was attempting to raise a § 1983 wage discrimination claim that had not been previously pled or included in the pretrial order.  The Plaintiff strenuously argued before the Court that she had pled a § 1983 wage discrimination claim and had preserved it in the pretrial order.  (Doc. 110 at 37–48).  The Court explained that no § 1983 wage discrimination claim was before the Court. (*Id*. at 48–49).

The next day, both Parties agreed to continue the trial because of the COVID-19 pandemic. (Doc. 96).

On November 20, 2020, the Plaintiff filed a motion to reconsider the Court's "dismissal" of the wage discrimination claims. (Doc. 102).

## IV.   DISCUSSION

In her motion to reconsider, the Plaintiff moves this Court to "reconsider its dismissal of Plaintiff's Section 1983 wage discrimination claim." (Doc. 102 at 1).  She argues that the Court should grant her motion to reconsider for three reasons.  First, she argues that she properly pled a § 1983 wage discrimination claim and enough supporting facts. (*Id.* at 1–6).  Next, she alleges that the Defendant failed to move for summary judgment on her § 1983 wage discrimination claim. (*Id.* at 6–10).   And as a correlative argument, she also notes that the Court's description of her claim in its order on summary judgment as "premised on sexual harassment" did not constitute a dismissal.  (*Id.* at 10).  Finally, she argues that she preserved her claim in the pretrial order. (*Id.* at 10–12).

The Defendant argues that the Plaintiff did not plead a wage discrimination claim in her complaint.  And even if she did, the Plaintiff did not preserve her wage discrimination claim in her pretrial order. (Doc. 104).

The Plaintiff's motion to reconsider is vague on what grounds the Court should reconsider that there is no wage discrimination claim.  The Plaintiff simply calls on this Court to use its "plenary power" to amend its interlocutory order. (Doc. 102 at 12). Because the Plaintiff does not point the Court to any new developments of law or new evidence in general, the Court will assume that the Plaintiff believes that this Court should

6

consider its motion on the basis of "clear error or manifest injustice." *See Murphy*, 285 F.Supp.3d at 1278.  Mindful that motions to reconsider are an "extraordinary remedy" that should be granted in "very limited circumstances," the Court will consider each of the Plaintiff's objections and the Defendant's respective responses in turn.  *See BCNY Int'l, Inc.*, 2016 WL 7486722, at *1.

### A. The Plaintiff's complaint does not contain a § 1983 wage discrimination claim against Glasscock.

In her motion to reconsider, the Plaintiff argues that she adequately pled a claim for § 1983 wage discrimination against Glasscock. (Doc. 102 at 1).  She directs the Court to "Count VI Section 1983 – Fourteenth Amendment (Equal Protection)" of her complaint where she alleges that she was denied "equal protection to be free from discrimination and harassment in the workplace." (Doc. 102 at 5).  She also points the Court to twenty-six non-sequential factual paragraphs from her complaint that she argues support a § 1983 wage discrimination claim. (*Id.* at 1–4).  Between the factual paragraphs and the word "discrimination" in the § 1983 Equal Protection claim, she argues that she pled "a short and plain statement of the claim showing that the pleader is entitled to relief" in compliance with Fed. R. Civ. P. 8(a)(2). (*Id.* at 5).  And therefore, she argues the Defendant had notice of her claim and failed to move for dismissal of her wage discrimination claim under Fed. R. Civ. P. 12(b)(6) for failing to state a claim. (*Id.* at 6).

In response, the Defendant argues that he was not required to move to dismiss a wage discrimination claim under § 1983 because the claim was never pled. (Doc. 104 at 1). The Defendant reminds the Court that, even after multiple reviews, the Court itself

could not find a § 1983 wage discrimination claim against Glasscock. (*Id.* at 1–2). And to permit such a claim to proceed now, the Plaintiff would be allowed to benefit from her vague pleading that did not put the Defendant on notice of the claim at the outset of the litigation. (*Id.* at 7).

Fed. R. Civ. P. 8(a)(2) requires "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." This portion of Rule 8 has been understood to avoid civil cases "turning on technicalities" and "to require that the pleadings discharge the function of giving the opposing party fair notice of the nature and basis of the grounds of the pleader's claim." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1215, pp. 172–73 (3d ed. 2004). The Supreme Court and all the circuit courts have described this notice function as "represent[ing] the core of the pleading process under the federal rules." *Id.* at 173–74. Courts have recognized that plaintiffs have "considerable latitude regarding the mode of stating a claim for relief, provided the pleading gives reasonable notice of the claims that are being asserted." *Id.* at § 1216, p. 234. The Eleventh Circuit has further explained that these rules require "the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading . . . ." *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1320 (11th Cir. 2015).

Here, the Plaintiff argues that the word "discrimination," coupled with the twenty-six non-sequential paragraphs in her complaint, were enough to adequately provide notice to Glasscock of a § 1983 wage discrimination claim. To support this contention, the

Plaintiff reminds the Court that "an employment discrimination claim [need] not contain specific facts establishing a *prima facie* case of discrimination," and "[i]t is clear that there is no heightened pleading standard" as it relates to cases governed by 8(a)(2), including civil rights complaints." (Doc. 102 at 5–6) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002); *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010)).  She also cites Supreme Court and Circuit authority that it is inappropriate to dismiss a complaint "for [an] imperfect statement of the legal theory" or that "it is unnecessary to set out a legal theory for the plaintiff's claim for relief." (Doc. 106 at 5) (*citing Johnson v. City of Shelby, Miss.,* 574 U.S. 10, 10–11 (2014)).

Although the Plaintiff correctly states the federal pleading standards, she misconstrues their application to the case at hand.  The Court in *Swierkiewicz v. Sorema N.A.* concluded that because the *McDonnell Douglas* standard was an evidentiary, not a pleading standard, to give fair notice to the defendants of the nature of his claims, a plaintiff was not required to plead all the elements of the *prima facie* case.  534 U.S. at 510–12.  In *Johnson v. City of Shelby, Miss.*, the Supreme Court found that a district court could not dismiss a plaintiff's otherwise factually sufficient complaint because it failed to specifically invoke 42 U.S.C. § 1983. 574 U.S. at 10–12.  And the court in *Randall v. Scott* clarified, in the wake of *Iqbal*, that a heightened pleading standard was no longer appropriate for civil rights litigation. 610 F.3d at 710.   In all these cases, the Supreme Court and court of appeals reversed lower courts for dismissing cases based on pleading technicalities or for requiring a heightened pleading standard. *See Swierkiewicz*, 534 U.S. at 513 ("No technical forms of pleading or motions are required."); *Johnson*, 574 F.3d at 711 ("[A] basic

objective of the rules is to avoid civil cases turning on technicalities."); *Scott*, 610 F.3d at 10 ("[T]here is no heightened pleading standard as it relates to . . . Rule 8(a)(2).").  But what also unifies these cases is that they survived dismissal because the complaints otherwise put the defendants on enough notice of the nature of the claims, even in light of technical pleading deficiencies. *See Swierkiewicz*, 534 U.S. at 513 ("Petitioner's complaint easily satisfies the requirements of Rule 8(a) because it gives respondent fair notice of the basis for petitioner's claims . . . ."); *Johnson*, 574 F.3d at 711 ("Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal."); *Scott*, 610 F.3d at 716 ("The allegations described in Randall's complaint are enough to state a claim for violation of his First Amendment rights . . .)."

This was not the case here.  At its most basic level, the Plaintiff must allege enough facts that "his adversary can discern what he is claiming and frame a responsive pleading." *Weiland,* 792 F.3d at 1320.  This case is not about holding the Plaintiff to a higher pleading standard or dismissing her case because of a technicality.  The fundamental issue here is whether the Plaintiff stated a claim for a § 1983 wage discrimination claim to provide adequate notice to the Defendant.  The simple answer is no.  As discussed previously, the dual aims of the pleading requirements are to avoid dismissal on technicalities and "to give the opposing party fair notice of the nature and basis of the claims against him." 5 WRIGHT & MILLER, *infra,* § 1215, pp. 172–73.  In her complaint, the Plaintiff pled, "the Defendants denied the Plaintiff equal protection to be free from discrimination and harassment." (Doc. 102 at 4–5) (citing Doc. 1 at 26).  And to support her assertion that she indeed pled a wage discrimination claim, the Plaintiff points to twenty-six non-sequential fact paragraphs from

the complaint.  The Court has reviewed these paragraphs and concludes that they do little to clarify that the Plaintiff was bringing both a § 1983 sexual harassment and a wage discrimination claim.  Especially considering the Plaintiff initially brought three other pay related claims under the EPA, FLSA, and Title VII, the Court is unsurprised that there are references to pay within the complaint.  But without more specificity and a nexus between the facts alleged and the § 1983 claim, the non-sequential paragraphs and the word "discrimination" are insufficient to support a finding that the Plaintiff pled a § 1983 wage discrimination claim.

Furthermore, when considering other sections of the complaint, the Court finds it hard to believe that a wage discrimination claim was pled under § 1983.  Upon review of the Plaintiff's original complaint—including those claims dismissed against the Chilton County Board of Education and its members—it is clear that the Plaintiff knew how to plead other pay related claims with enough specificity to put the Defendant and the Court on notice.  For example, the Plaintiff brought two claims against the Board of Education under Title VII: one for "Title VII Sex Discrimination" and the other for "Title VII Sexual Harassment." (Doc. 1 at 19–22).  The Court finds it telling that the Plaintiff bifurcated her Title VII claims against the Board of Education into two separate counts. And specifically, in the Title VII Sex Discrimination claim, the Plaintiff made clear she was bringing a wage discrimination claim by pleading, "Defendant treated male employees more favorably in the terms, conditions, and pay in their employment" and "Plaintiff was compensated significantly less than similarly-situated male employees." (*Id.* at 20).  This is in stark contrast to the Plaintiff's § 1983 Equal Protection claim.  There, the Plaintiff only stated

that the Defendant "denied Plaintiff equal protection to be free from discrimination and harassment in the workplace." (*Id*. at 26).  And the only clarification of the nature of the denial of equal protection was "[d]efendants were deliberately indifferent to Plaintiff's clearly established Constitutional and statutory rights." (*Id*.).  This is inadequate now and was inadequate then to state a wage discrimination claim under § 1983.

> **B. The Defendant did not fail to move for summary judgment on the § 1983 wage discrimination claim because there was no § 1983 wage discrimination claim on which summary judgment could be sought.**

The Plaintiff argues that the Defendant failed to move for summary judgment on Smith's § 1983 wage discrimination claim and therefore, one persists. (Doc. 102 at 6). Because the Defendant moved for summary judgment on the EPA and FLSA claims, the Plaintiff argues that the Defendant was aware of a § 1983 wage discrimination claim. According to the Plaintiff, by not moving for summary judgment on a § 1983 wage discrimination claim, the Defendant forfeited his ability to do so.  She also argues that she did not realize that the Court, in its order on summary judgment, had "dismiss[ed] her Section 1983 wage discrimination" when it noted that "the Equal Protection violation theory . . . is premised on sexual harassment." (*Id.* at 10).

> 1. *The Defendant's moving for summary judgment on the Plaintiff's EPA and FLSA claims does not establish that the Defendant was on notice of a § 1983 Equal Protection wage discrimination claim.*

The Court is unpersuaded that Defendant's moving for summary judgment on the EPA and FLSA claims means the Defendant was on notice of a § 1983 wage discrimination claim.   Although moving for summary judgment on the EPA and FLSA claims

demonstrates that the Defendant was aware of pay claims, it does nothing to show that the Defendant had notice of a § 1983 Equal Protection wage discrimination claim.

It is apparent, upon examination of the Plaintiff's complaint, why the Defendant moved for summary judgment on these claims and not the alleged § 1983 wage discrimination claim.  In the EPA count, the Plaintiff connected the causes of action to specific allegations of discriminatory pay. (Doc. 1 at 24–25).  For example, under the EPA claim, the Plaintiff alleges "Defendant compensated Plaintiff less than male employees in positions requiring equal skills, effort, and responsibility under similar working conditions." (*Id.* at 24).  No gender-based wage discrimination allegations appear in connection to the § 1983 Equal Protection claim. (*Id.* at 26).

2. *The evidence the Plaintiff points to in the record does not support an independent § 1983 Equal Protection wage discrimination claim.*

The Plaintiff also argues that "the Defendant wholly failed to move for summary judgment on Smith's Section 1983 claim . . . despite the existence of wage discrimination evidence in the record." (Doc. 102 at 8).  The "wage discrimination" evidence the Plaintiff cites to reads, "Glasscock testified that Smith performed the same Assistant Superintendent/Personnel Director job duties at $39-40K per year that Walter Fenn had performed at $88k per year." (*Id*. at n.2).  But the Plaintiff did not cite this fact in her response in opposition to summary judgment in the context of a § 1983 wage discrimination claim.  The Plaintiff instead cited this fact in response to the Defendant's argument for summary judgment on the EPA claim. (Doc. 42 at 28).

Indeed, the Court finds it telling that if the Plaintiff was aware that the Defendant did not move for summary judgment on a § 1983 Equal Protection wage discrimination claim, nowhere—before the eve of trial—did she make that observation known to the Defendant or the Court. The Defendant did not fail to move for summary judgment on a § 1983 wage discrimination claim because there was no such claim pled.  The Plaintiff's arguments to the contrary are unavailing.

3. *The Plaintiff cannot amend her complaint to bring a § 1983 Equal Protection wage discrimination claim through argument.*

Although both parties make reference to wage claims in their summary judgment submissions—Plaintiff in her response and Defendant in his reply—those isolated references were made prior to the dismissal of the Plaintiff's wage claims under the EPA and FLSA.  None of those references in briefing evidenced a recognition that Plaintiff asserted a § 1983 wage discrimination claim.  Instead, they were made in the context of the EPA and FLSA and at most revealed blurred lines between the various causes of action. The dismissal of Plaintiff's EPA and FLSA claims does not result in a wage claim defaulting to the remaining cause of action.  The Plaintiff failed to assert a wage claim under § 1983 and when the EPA and FLSA claims were dismissed, no further wage claims remained.

4. *The Court clarified that a § 1983 Equal Protection discrimination claim was only brought as sexual harassment in its order on summary judgment.*

Finally, the Plaintiff argues that she did not recognize the Court's footnote in the intentional infliction of emotional distress section of the summary judgment order, (doc. 48 at 19, n.2), as an order dismissing her § 1983 wage discrimination claim. (Doc. 102 at

14

10).  First, the Court did not dismiss the Plaintiff's § 1983 wage discrimination claim because one was never pled.  The Court made clear in its discussion of the § 1983 Equal Protection claim that the only claim before it was for sexual harassment.  Specifically, the order concluded that there was sufficient evidence to support a finding that "Glasscock abused the authority given to him by the State to harass Smith" and specified that the surviving federal claim was "for violation of Equal Protection on the basis of sexual harassment." (Doc. 48 at 11; 22).  The Court's order was a recognition of the claims pled, which would proceed to trial, not a dismissal of a claim that the Plaintiff failed to plead.

### C.  Smith failed to preserve a § 1983 wage discrimination claim in the pretrial order.

The Plaintiff argues that she preserved a § 1983 wage discrimination claim in the pretrial order.  In support of this argument, she points to six non-sequential paragraphs from the pretrial order with bolded words and phrases to demonstrate where she believes she preserved a § 1983 wage discrimination claim. (Doc. 102 at 11–12) (*citing* doc. 58 at 2–9).  In response, the Defendant argues that there was no § 1983 wage discrimination claim preserved in the pretrial order because no claim was ever pled. (Doc. 104 at 7–8).  The Defendant further points out that the pretrial order does not explicitly refer to a wage discrimination claim under § 1983.

Fed. R. Civ. P. 16(d) provides that "[a]fter any conference under this rule, the court should issue an order reciting the action taken.  This order controls the course of the action unless the court modifies it."  Further, "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e).  Because the

pretrial order "control[s] the subsequent course of the action," it has been understood to supersede the pleadings and establish the issues to be considered at trial.  6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522, pp. 298–99 (3d ed. 2010).  Therefore, "an issue is waived 'by failing to ensure that the issue is clearly preserved in the pretrial order,'" and "the pretrial order has the effect of eliminating the remaining counts not included in the order."  *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1089 (11th Cir. 2016); *State Treasurer of State of Michigan v. Barry,* 168 F.3d 8, 9–10 (11th Cir. 1999).  The Eleventh Circuit has explained that it is "particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues before trial . . . [through] effective use of pretrial orders." *Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997).  And to advance this aim, district courts should not be forced into overbroad interpretations of their orders "for fear of appellate correction." *Id*. at 513.  Therefore, the Circuit explained that it will "not hesitate to back up district courts when they put steel behind the terms of pretrial orders and hold parties to them." *FN Herstal SA v. Clyde Armory Inc.,* 838 F.3d 1071, 1090 (11th Cir. 2016) (citing *Morro*, 117 F.3d at 515).  Accordingly, the Circuit will only reverse when the district court "so clearly abused its discretion that its action could be deemed arbitrary." *Morro*, 117 F.3d at 513.

Even if one assumes that the Plaintiff adequately pled a claim for § 1983 wage discrimination in her complaint, the Plaintiff did not preserve the claim in the pretrial order. The non-sequential paragraphs with bolded text offered by the Plaintiff do little to demonstrate that she preserved both a § 1983 sexual harassment and wage discrimination

claim in the pretrial order. As the Defendant points out, nowhere in the pretrial order does the Plaintiff explicitly refer to a wage discrimination claim under § 1983. The Plaintiff mentions "discrimination" several times in her pretrial contentions. But broadly alleging "unlawful discrimination and harassment" and "Smith's federally-protected rights to be free from discrimination and harassment based on sex" do nothing to show that the Plaintiff was indeed bringing a discrimination claim *about her pay*. (Doc. 58 at 2–3, 8). The Plaintiff mentions "discriminatory pay" one time in her pretrial contentions and only in the context of her recounting discussions with the Defendant complaining how she was underpaid. (*Id.* at 8). This is insufficient to support a § 1983 wage discrimination claim. The Plaintiff also did not raise any objections when the Defendant in his pretrial contentions explained, "[t]he claims against Mr. Glasscock in this trial are for sexual harassment in violation of the Plaintiff's right to equal protection, and assault and battery." (*Id.* at 10). The Plaintiff failed to preserve any alleged § 1983 wage discrimination claim by not clearly articulating it in the pretrial order.

Further, the Court finds it telling that the Plaintiff did bifurcate her § 1983 claims into wage discrimination and sexual harassment in her proposed special interrogatories to the jury, (doc. 85), but did not bifurcate them in the complaint, in her response to the motion for summary judgment, or in the pretrial order. This is just another example of the Plaintiff demonstrating an ability in other submissions to clearly differentiate claims made under the same cause of action. And it supports the Defendant's claim that § 1983 wage discrimination claim was never pled and was instead an afterthought when the Plaintiff's pay claims were dismissed on summary judgment.

17

For the Court to find that the Plaintiff preserved a wage discrimination claim based on three references to "discrimination" in the pretrial order would undermine the purpose of the pretrial order itself.  Rule 16 has been understood to work as a "vehicle for informing the parties of precisely what is in controversy." 6A WRIGHT, MILLER, KANE, *infra,* § 1522, p. 298.  The purpose of the pretrial conference and the pretrial order has been understood to give parties an opportunity to "accurately appraise their cases and substantially reduce the danger of surprise at trial." *Id.* at 296.  The Plaintiff failed to clearly articulate a § 1983 wage discrimination claim in the pretrial order.  Accordingly, the Court declines to accept the Plaintiff's overbroad interpretation of the pretrial order and concludes that the Plaintiff failed to preserve a § 1983 wage discrimination claim therein.

### D. The Plaintiff has not shown good cause for this Court to grant her motion to reconsider.

Despite multiple opportunities in the complaint, in summary judgment submissions, and in the pretrial order, the Plaintiff did not plead a § 1983 wage discrimination claim with any specificity to put the Court or Defendant on notice of it.  The fact that no wage discrimination will be tried to a jury is not a function of this Court's action but is instead a direct result of the [Plaintiff's] "failure to properly present her case." *Morro* 117 F.3d at 516.

18

## V.   CONCLUSION

Accordingly, upon consideration of the motion and for good cause, it is

ORDERED that the Plaintiff's motion to reconsider (doc. 102) is DENIED.

DONE this 9th day of March, 2021.

                                    /s/ Emily C. Marks

                               EMILY C. MARKS
                               CHIEF UNITED STATES DISTRICT JUDGE