IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLISON P. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:18-cv-870-ECM |
| | ) (WO) |
| TOMMY GLASSCOCK, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court are the Plaintiff's bill of costs (doc. 143) and motion for attorney's fees (doc. 144), the Defendant's motion to alter judgment to reduce punitive damages award (doc. 150), the Defendant's motion for costs pursuant to Fed. R. Civ. P. 54(d)(1), (doc. 153), the Plaintiff's motion to strike the Defendant's bill of costs (doc. 157) and the Defendant's Objection to the Plaintiff's bill of costs. (Doc. 152).

This employment discrimination action proceeded to trial on an Equal Protection sexual harassment claim pursuant to 42 U.S.C. § 1983 and a state law assault and battery claim. A jury returned a verdict in favor of the Defendant on the Equal Protection sexual harassment claim[1] and in favor of the Plaintiff on the assault and battery claim. This Court entered an Order and Judgment on June 21, 2021, and taxed costs against the Defendant. (Doc. 142 and 153). Both parties, as prevailing parties, filed Bills of Costs (Docs. 143 and

---

[1] Although the Plaintiff asserts the jury returned a verdict in her favor on her "claims of sexual harassment under 42 U.S.C. § 1983 and assault and battery," (doc. 144 at 1 and 4), the jury found that the Plaintiff suffered no damages because of the hostile work environment (doc. 142 at 2).

153). The Plaintiff seeks reimbursement of costs in the amount of $6186.50, (doc. 143), while the Defendant seeks costs in the amount of $2,449.81. (Doc. 153). The Plaintiff filed a motion to strike the Defendant's Bill of Costs (doc. 157), and the Defendant filed a motion to alter judgment to reduce the punitive damages award (doc. 150). The motions are fully briefed, under submission, and ready for resolution without oral argument. For the reasons which follow, the Court concludes that all the motions are due to be denied, and the parties will bear their own costs.

## DISCUSSION

### A. Motion for Attorney's Fees

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser. . . . Congress, however, has authorized the award for attorney's fees to the 'prevailing party' in numerous statutes" including § 1988(b).[2] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). "In order to be eligible for attorney's fees under § 1988, a litigant must be a 'prevailing party.'" *Hewitt v. Helms*, 482 U.S. 755, 759 (1987). The Plaintiff may be a prevailing party for § 1988 attorney's fees

---

[2] 42 U.S.C. § 1988(b) provides as follows:

> In any action or proceeding to enforce a provision of section[ ] ... 1983 ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

*Id*.

purposes if she "succeed[s] on any significant issue in litigation which achieves some of the benefit [she] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)(citation omitted) (alterations added).

> [T]o be considered a prevailing party within the meaning of § 1988, we held, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between [herself] and the defendant." . . . We reemphasized that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." . . . Therefore, to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of [her] claim.

*Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (internal quotations and citations omitted) (some alterations added). Thus, to obtain an award of attorney's fees, the Plaintiff must demonstrate that she is a prevailing party within the meaning of the statute.

The Plaintiff's claim for attorney's fees rests upon her Equal Protection sexual harassment claim. To be entitled to an award of attorney's fees, she must establish that she is a prevailing party on that claim. This she cannot do. In response to special interrogatories agreed upon by the parties and consistent with Eleventh Circuit Pattern Jury Instruction 4.3 (Mar. 2022), which was given without objection, the jury specifically found that the Plaintiff did not prove by a preponderance of the evidence that she suffered damages because of the hostile work environment. (See Doc. 140 at 2; doc. 137 at 6). The Plaintiff was not awarded, nor did she request, nominal damages on her federal claim. Instead, the jury specifically found that the Plaintiff suffered no damages on her sexual harassment claim. Moreover, she did not seek, nor was not she awarded, any injunctive or declaratory relief on her federal claim in this case. *See Ruffin v. Great Dane Trailers*, 969

3

F.2d 989, 993 (11th Cir. 1992)("Given the alteration of [the Plaintiff's] legal rights and [the Defendant's] legal obligations that resulted from the court's grant of injunctive relief, there is no question that [the Plaintiff] prevailed on this issue . . . and is entitled to an award of attorney's fees."); *Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 845 (11th Cir. 1991) ("an award of nominal damages, an injunction or a declaratory judgment would make the prospect of obtaining attorneys' fees much easier").  Thus, the Plaintiff did not obtain any relief on her sexual harassment claim.  "Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of [her] claim before [s]he can be said to prevail." *Hewitt*, 482 U.S. at 759–60 (alterations added).  While the jury found the Plaintiff "was harassed because of her sex," the jury also determined that she had not suffered any damages as a result thereof. (Doc. 142).  "[A]t a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between [herself] and the defendant." *Texas State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 792 (1989) (alteration added).  The jury's resolution of the Plaintiff' Equal Protection sexual harassment claim does not in any way alter the legal relationship between her and the Defendant.  For the Plaintiff be the prevailing party on her federal claim "requires the attainment of something more tangible than a jury finding of sexual harassment." *Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 847 (11th Cir. 1991).  Based upon the jury's verdict, the Plaintiff was not the prevailing party on her sexual harassment claim.

The Plaintiff argues that because her federal claim is "inextricably intertwined" with her assault and battery claim, her claims arise under a "common nucleus of fact," and she

4

prevailed on the pendent state claim, she is still considered a prevailing party under § 1988 and is entitled to an award of attorney's fees. The Court disagrees. This is not a case in which the Plaintiff's constitutional claim and her state claim were "settled favorably to the plaintiff without adjudication," or the constitutional question did not need to be resolved because "the non-constitutional claim is dispositive." *Maher v. Gagne*, 448 U.S. 122, 132 and 133, n.15 (1980). In *Maher*, the Court held that in cases in which the constitutional claim remains in a case throughout the litigation but does not get resolved because the case is settled or resolved by a statutory claim, attorney's fees may be available because the case "furthers the Congressional goal of encouraging suits to vindicate constitutional rights without undermining the longstanding judicial policy of avoiding unnecessary decision of constitutional issues." 488 U.S. at 133. In this case, the Plaintiff's Equal Protection claim was rejected by the jury.

> [I]n order to receive attorney's fees when only non-fee claims are addressed, a plaintiff must show that [she] (1) has 'prevailed' and that the section 1983 claim (2) meets the 'substantiality' test, (3) arises from a 'common-nucleus of operative fact' with the non-fee claims, and (4) is 'reasonably related to the plaintiff's ultimate success.

*Scurlock v. City of Lynn Haven, Fla*., 858 F.2d 1521, 1528 (11th Cir. 1988) (alterations added).

Smith conflates the award of damages on her assault and battery claim with a victory on her sexual harassment claim. While the Plaintiff prevailed on her assault and battery claim, her sexual harassment claim does not meet the "substantiality test" because that claim is foreclosed by the jury's determination. *Id*. ("A claim is 'substantial' if it remains

5

'open to discussion,' is not 'obviously frivolous,' and is not foreclosed by prior court decisions or not 'otherwise completely devoid of merit.'"). Despite the fact that the Plaintiff's federal and state claims arose in the workplace, the Plaintiff's success on her assault and battery claim was distinct and separate from her sexual harassment claim. The federal and state claims do not share common elements, and success on the assault and battery claim does not equate to success on the sexual harassment claim. Thus, because the jury specifically rejected the Plaintiff's federal sexual harassment claim, the Court concludes that the verdict on her assault and battery claim does not entitle her to an award of attorney's fees, and the motion will be denied.

**B.  Defendant's motion to alter judgment to reduce punitive damages award**

The Court now turns to the Defendant's motion to alter judgment to reduce the punitive damages award (doc. 150). After a lengthy trial, the jury found in favor of the Plaintiff on her assault and battery claim and awarded compensatory damages in the amount of $25 and $15,000 in punitive damages. The Defendant asserts that the award is excessive because the ratio of compensatory to punitive damages is 600:1.[3]

---

[3] To the extent that the Defendant argues that a 600:1 ratio of damages is excessive, the Supreme Court rejected using a "simple mathematical formula" to determine reasonableness of a punitive damages award. *See BMW of N. Am. v. Gore*, 517 U.S. 559, 583 (1996). The Court has opined that greater ratios may be appropriate when "a particularly egregious act has resulted in only a small amount of compensatory damages." *Williams v. First Advantage LNS Screening Sols. Inc*, 947 F.3d 735, 750 (11th Cir. 2020). In this case, the egregious nature of the Defendant's conduct, coupled with the lack of economic harm to the Plaintiff, weigh in favor of the upholding the jury's punitive damage award.

The Court looks to several factors including "the degree of reprehensibility" of the Defendant's conduct, the "disparity between the harm" to the Plaintiff and the award, and "the difference" between civil remedies and the punitive damages award to determine whether the punitive damage award is excessive. *BMW of N. Am., Inc. v. Gore*, 517 U.S., 559, 575–585 (1996). *See also Williams v. First Advantage LNS Screening Solutions, Inc.*, 947 F.3d 735, 749 (11th Cir. 2020).

While the Defendant downplays his actions, the jury found his conduct towards the Plaintiff was "harmful or offensive" and awarded compensatory damages. The jury further found that he "acted with oppression, wantonness or malice," and awarded punitive damages. The jury found the Defendant intentionally physically touched the Plaintiff and the touching was unwanted and unwelcome. The imposition of punitive damages demonstrate that the jury found the Defendant's conduct reprehensible.

The Defendant again minimizes his conduct when he asserts that the harm to the Plaintiff was not significant because "the touching in this case was based on a single, isolated instance of hugging in a manner that the Plaintiff perceived to be offensive." (Doc. 150 at 6). This argument misses the mark. The jury specifically found the Defendant's conduct to be harmful or offensive, and that the Plaintiff suffered harm as a result of that unwanted touching. The *Gore* factors weigh in favor of the Plaintiff.

Moreover, "[p]unitive damages may properly be imposed to further a State's legitimate interests in punishing unlawful conduct and deterring its repetition." *Gore*, 517 U.S. at 568. *See also Philip Morris USA v. Williams*, 549 U.S. 346, 352 (2007). Punitive damages "are aimed at deterrence and retribution." *State Farm Mut. Auto. Ins. Co. v.*

7

*Campbell*, 538 U.S. 408, 416 (2003); *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 19 (1991) ("[U]nder Alabama law, as under the law of most States, punitive damages are imposed for purposes of retribution and deterrence."). In this case, based on the need to punish and deter the Defendant, the Court concludes that the punitive damages award is not grossly excessive, and the Defendant's motion is due to be denied.

    **C.**    **Opposing Bills of Costs and Objections**

Rule 54(d)(1), Fed. R. Civ. P., awards costs, other than attorney's fees, to the prevailing party. In its Order and Judgment, the Court entered judgment in favor of the Plaintiff and against the Defendant on the jury's verdict of assault and battery and taxed costs against the Defendant. (Doc. 142). The Plaintiff filed a Bill of Costs seeking $6,186.50, (doc. 143), to which the Defendant objected, (doc. 152). Asserting that he was a prevailing party, the Defendant filed a motion for costs (doc. 153) seeking $2,449.81 in costs. The Plaintiff filed a motion to strike the Defendant's Bill of Costs contending that the Defendant was not a prevailing party and should not be awarded costs. (Doc. 157).

After consideration of the jury verdict, the Court concludes that it should not have awarded costs to either party. In awarding costs to the Plaintiff, the Court relied on Fed. R. Civ. P. 54(d)(1) that provides, in part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." In so doing, the Court overlooked the fact that the Defendant was the prevailing party on the Plaintiff's Equal Protection sexual harassment claim.

Rule 54(d) grants the Court discretion to refuse to tax costs in favor of the prevailing party. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

> Rule 54's language, "unless the court otherwise directs," is generally considered to state "an equitable principle ... [which] vests in the district court a sound discretion over the allowance, disallowance, or apportionment of costs in all civil actions." 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[5] at 54–331 (1990). *See also* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2668 (2d ed.1983).

*Allstate Ins. Co. v. Jones*, 763 F. Supp. 1101, 1102 (M.D. Ala. 1991). After a full consideration of the evidence and argument of counsel, the Court is convinced that each party should bear his or her own costs in this litigation. Neither party wholly prevailed against the other, and in this case, equity dictates that each party bear his or her own costs. It is for these reasons that the Court, in the exercise of its discretion, concludes that in this case, it was not appropriate to award costs to the Plaintiff, nor is it appropriate to award costs to the Defendant. *See Chapman v. AI Transp.,* 229 F.3d 1012, 1039 (11th Cir. 2000)(*en banc* ) ("[A] district court must have and state a sound basis" for denying costs.).

## CONCLUSION

For the reasons as stated, and for good cause, it is

ORDERED as follows:

1. the Plaintiff's motion for attorney's fees (doc. 144) is DENIED;

2. the Defendant's motion to alter judgment to reduce punitive damages award (doc. 150) is DENIED;

3. the Judgment is MODIFIED to strike the award of costs to the Plaintiff; and

4. the Defendant's motion for costs pursuant to Fed. R. Civ. P. 54(d)(1), (doc. 153), the Plaintiff's motion to strike the Defendant's bill of costs (doc. 157), and the

Defendant's Objection to the Plaintiff's bill of costs (doc. 152) are DENIED as moot, and the parties shall bear their own respective costs.

DONE this 29th day of March, 2022.

                                      /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE