IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLISON P. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:18-cv-870-ECM |
| | ) (WO) |
| TOMMY GLASSCOCK, | ) |
| | ) USCA CASE NO. 22-11449-A |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is the Defendant's motion to require the entire
transcript (doc. 168) filed on June 16, 2022. The Plaintiff filed a response in opposition.
(Doc. 169). The motion is fully briefed and ripe for resolution.

This employment discrimination action proceeded to trial on an Equal Protection
sexual harassment claim pursuant to 42 U.S.C. § 1983 and a state law assault and battery
claim. A jury returned a verdict in favor of the Defendant on the Equal Protection sexual
harassment claim[1] and in favor of the Plaintiff on the assault and battery claim. The
Plaintiff filed a motion for attorney's fees arguing that she is still considered a prevailing
party under § 1988 and is entitled to an award of attorney's fees because her unsuccessful
federal claim is "inextricably intertwined" with her successful assault and battery claim,
that her claims arise under a "common nucleus of fact," and that she prevailed on the

---

[1] Although the Plaintiff asserts the jury returned a verdict in her favor on her "claims of sexual harassment
under 42 U.S.C. § 1983 and assault and battery," (doc. 144 at 1 and 4), the jury found that the Plaintiff
suffered no damages because of the hostile work environment (doc. 142 at 2).

pendent state claim.  The Court denied the Plaintiff's motion for attorney's fees, (doc. 159),

and she appealed. (Doc. 160).

Federal Rule of Appellate Procedure 10(a) provides that the record on appeal

consists of "the original papers and exhibits filed in the district court," "the transcript of

proceedings, if any," and a certified copy of the docket entries prepared by the district

clerk." *Id*.  On May 9, 2022, the Plaintiff ordered a transcript of only her trial testimony for

appeal.  (Doc. 164). On May 23, 2022, the Defendant designated the entire trial transcript

for appeal.  (Doc. 165).  When the Plaintiff did not request the complete trial transcript, the

Defendant filed the pending motion.

On appeal, the Plaintiff suggests eight issues related to the Court's denial of her

motion for attorney's fees.[2]  She argues that the entire transcript is unnecessary and she

---

[2] In her Attachment to the Civil Appeal Statement filed in the Eleventh Circuit, the Plaintiff proposed the
following issues for appeal.

> Did the District Court err by not declaring Plaintiff-Appellant the
> prevailing party following a jury trial and jury verdict in her favor?

> Did the District Court misapply the standard for determining the prevailing
> party for purposes of awarding costs under Rule 54(d) of the Federal Rules
> of Civil Procedure and Eleventh Circuit precedent? FED. R. CIV. P. 54(d).
> *See also, e.g., Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

> Did the District Court err by declaring the Defendant-Appellee a
> prevailing party on Plaintiff-Appellant's Equal Protection Fourteenth
> Amendment claim, where the jury found that Defendant sexually harassed
> Plaintiff while he was her supervisor under color of law?

> Did the District Court err by declaring the Defendant-Appellee a
> prevailing party where, after the jury found that he sexually harassed
> Plaintiff under the Equal Protection Clause, the jury also found Defendant
> liable for assault and battery under Alabama law and awarded Plaintiff
> compensatory and punitive damages?

"included her trial transcript out of an abundance of caution in the event the Court wished to review the context of the assault and battery with regard to the fee-shifting sexual harassment claim." (Doc. 169 at 2).

Because the issues the Plaintiff intends to raise on appeal implicate the entire trial proceeding, the Court of Appeals cannot adequately review those issues with only a portion of the trial testimony. "[P]iecemeal filing of transcripts means we lack a record of most of the trial in this case and cannot evaluate the nature and strength of the evidence introduced at trial." *Taylor v. Bradshaw*, 742 F. App'x 427, 432 (11th Cir. 2018).[3] *See also, Tien v.*

---

Did the District Court err by denying Plaintiff-Appellant costs after the jury rendered a verdict in her favor at trial?

Did the District Court abuse its discretion by denying Plaintiff-Appellant attorney fees?

Did the District Court err by failing to apply Supreme Court and Eleventh Circuit precedent holding, "If Sec. 1983 would have been an appropriate basis for relief, then [a prevailing party] is entitled to attorney's fees under Sec. 1988 even though relief was actually awarded on another ground." *E.g., Solomon v. City of Gainesville*, 796 F.2d 1464 (11th Cir. 1986) (citing *Maher v. Gagne*, 448 U.S. 122, 132 n. 15, 100 S. Ct. 2570, 2576 n.15, 65 L.Ed.2d 653 (1980) (alteration in original)).

Did the District Court's denial of attorney fees frustrate the Congressional intent and purpose of 42 U.S.C. Section 1988(b), which is to encourage attorneys to bring civil rights and pendent claims as private attorney (sic) generals without fear of being denied attorney fees? *Maher*, 448 U.S. at 132 n.15 ("The legislative history makes it clear that Congress intended fees to be awarded where a pendent constitutional claim is involved, even if the statutory claim on which the plaintiff prevailed is one for which fees cannot be awarded under the Act.")

*Smith v. Glasscock*, USCA11 Case 22-11449, filed May 9, 2022 at 4.

[3] While the Court recognizes that *Taylor, supra*, is an unpublished opinion, the Court finds its analysis to be persuasive.

*Red Coats, Inc.*, 753 F. App'x 768, 770 (11th Cir. 2018) ("The absence of a transcript precludes us from conducting meaningful appellate review.").  In this case, the Defendant's designation of the entire trial transcript is reasonable and appropriate.

Accordingly, for good cause, it is

ORDERED that the Defendant's motion to require the entire transcript (doc. 168) is GRANTED.  The Plaintiff is DIRECTED to order a transcript of the entire trial and related proceedings in this case and include the transcript in the record on appeal before the Eleventh Circuit.

DONE this 20th day of July, 2022.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE